[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11000
Non-Argument Calendar

_____

Agency No. A95-905-526

FREY OLIDER MORENO VALENCIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 17, 2008)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Frey Olider Moreno Valencia, a native and citizen of Colombia, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") final order denying his application for asylum, withholding of removal, and United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT") relief.[1] In his petition Moreno argues that the IJ erred in dismissing his application for asylum as statutorily barred due to Moreno's failure to file it in a timely manner and to demonstrate that he met one of the exceptions to timely filing of the asylum application. Moreno also argues that the IJ's denial of his request for withholding of removal was erroneous to the extent that it was based on an adverse credibility determination that was not supported by substantial evidence.

I.

Moreno first argues that although he filed his asylum application more than one year after his arrival in the United States, he has shown both exceptional and changed circumstances that excuse his late filing. An asylum application must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application may be considered if the alien can demonstrate the "existence of changed circumstances which materially affect"

_____

[1] Valencia did not raise in his brief to this Court any challenge to the BIA's affirmance of the IJ's denial of his CAT claim. Thus, we deem him to have abandoned this claim.

2

his eligibility or "extraordinary circumstances" relating to the delay in filing his application. Id. § 1158(a)(2)(D). The statute further provides that "No court shall have jurisdiction to review any determination" made pursuant to § 1158(a)(2). Id. § 1158(a)(3). We have held that this language precludes federal court review of determinations regarding the timeliness of an asylum application or the changed or extraordinary circumstances exceptions. Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002).

Notwithstanding this prohibition, Moreno argues that in accordance with the Real ID Act, which gave federal courts jurisdiction to review "constitutional claims or questions of law" arising from some previously non-reviewable, discretionary rulings, we should review the determination with regard to the exceptions to the one-year asylum filing deadline. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir.2005). However, the "timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes." Id. Furthermore, the REAL ID Act governs only those applications filed after May 11, 2005, and thus is inapplicable here since Moreno filed his original asylum application with the former Immigration and Naturalization Service ("INS") in 2002, prior to the passage of the REAL ID Act.

3

Accordingly, we lack jurisdiction to review Moreno's claim that the BIA erred in rejecting his asylum claim by its determination that the claim was untimely.

## II.

Next, Moreno argues that he qualifies for withholding of removal as it is more likely than not that he will be persecuted if returned to Colombia because of his union participation and political involvement in the Liberal Party and that the IJ erred by finding that he was not credible.

Upon a petition for review of a decision of the BIA, we review only the BIA's decision, except to the extent that it expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Where the BIA has issued its own order, but has adopted the IJ's reasoning and findings, we review both the BIA's and IJ's decisions. Id. Here, the BIA's order relied upon the IJ's findings as to Moreno's credibility so we review both decisions.

When considering a petition to review a BIA final order, we review the BIA's factual findings under the substantial evidence test. Id. at 1283. We also review the IJ's credibility determinations under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial evidence test, we must affirm the IJ's or BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record

4

considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation omitted). "To reverse a factual finding, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

An applicant's testimony, if credible, may carry the burden of proof for asylum or withholding of removal without corroboration. 8 C.F.R. §§ 208.13(a); 208.16(b). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue, 401 F.3d at 1287. "[A]n adverse credibility determination does not alleviate the [BIA]'s duty to consider other evidence produced by an asylum applicant." Id. "Further, the [BIA] must offer specific, cogent reasons for an adverse credibility finding." Id. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA]'s credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. "[We] may not substitute [our] judgment for that of the [BIA] with respect to credibility findings." Id. at 1286.[2]

---

[2] Although Congress amended the law regarding credibility determinations with passage of the REAL ID Act, as we previously discussed, those changes do not apply to Moreno's application. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (discussing REAL

Upon our review of the record evidence and the parties' briefs, we conclude that the BIA did not err in affirming the IJ's adverse credibility determination because substantial evidence supports the IJ's decision. The IJ's decision is based on several separate and distinct findings of inconsistencies, ambiguities, and contradictions between Moreno's testimony and his written application regarding (1) details of his employment, including his job positions, rates of pay and dates of employment; (2) his labor union and political party involvement; (3) whether his passport was stolen; (4) the alteration of his voter registration card; (5) the authenticity of his labor union's periodical, La Escoba; and (6) his explanation for his delay in filing for asylum.

Therefore, the adverse credibility determination justified the BIA's denial of withholding of removal, especially as much of Moreno's supporting evidence was implicated and discussed. Accordingly, we dismiss Moreno's petition for review as to the timeliness of his asylum claim and deny his petition as to his request for withholding of removal.

**DISMISSED IN PART AND DENIED IN PART.**

---

ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 302, § 101(h)(2).